**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACY STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO.  08- cv-1833 |
| | ) | |
| ROSEMONT COLLEGE OF THE | ) | |
| HOLY CHILD JESUS, t/d/b/a | ) | |
| ROSEMONT COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

RUFE, J.                                                    **December 23, 2008**

Plaintiff Tracy Stevenson ("Stevenson") brings suit against her former employer,

Defendant Rosemont College of the Holy Child Jesus ("Rosemont College") alleging violations

of the Age Discrimination in Employment Act (ADEA).  Before the Court is the Defendant's

Motion for Summary Judgment [Document No. 10].  For the reasons that follow, Defendant's

Motion for Summary Judgment will be granted.

**I.       FACTS AND PROCEDURAL HISTORY**

Stevenson was employed by Defendant Rosemont College as the school's "Director of

Publications" from approximately September 2004 until January 30, 2007, when she was

informed that she was being terminated because her position was being outsourced.[1]  Stevenson

was approximately forty-eight-years-old at the time. [2]  Shortly after her termination Stevenson

---

[1] Compl. ¶ 18.

[2] The Complaint lists Stevenson's age at the time the Complaint was filed as forty-nine, see ¶ 14.  However, it does not specify Stevenson's exact age at the time of her termination from Rosemont College.  Since the Complaint was filed more than a year after Stevenson's termination and her exact birth date is not specified in the

discovered that Rosemont College's Web site listed her former assistant, Jessica Green, a twenty-seven-year old woman, as the College's Director of Publications, prompting her to file the current suit for age discrimination on April 18, 2008.[3]

Stevenson alleges that Green does not possess her same level of ability or experience, that her termination was the result of intentional age discrimination, and that by virtue of her age she is in the class of persons protected by the Age Discrimination in Employment Act of 1967. She seeks damages and monetary benefits accorded her former position including bonuses, medical benefits, and back pay in addition to damages for pain and suffering. Moreover, Stevenson seeks double damages pursuant to 29 U.S.C. 626(b) for a willful violation of the ADEA.[4]

Rosemont College counters the allegations against it, arguing that Stevenson's annual performance report listed several deficiencies in her work, including a continued inability to edit text.[5] Additionally, Rosemont College argues that a large portion of the duties previously assigned to the Director of Publications were outsourced, eliminating the need for a full-time position. It asserts, supported by an internal memo and an employee appraisal report of Stevenson, that Green's position was retained in a newly structured role based on the decision that she was a better asset to Rosemont College than Stevenson because of her more advanced

Complaint, the Court will presume Stevenson's age was 48 at the time of her termination.

[3] Compl. ¶ 19.

[4] The Complaint notes that Stevenson also filed a charge of discrimination with the Pennsylvania Human Relations Commission ("PHRC") and stated that she would amend the Complaint to include a claim under the Pennsylvania Human Relations Act when the applicable period for investigation expired. However, in its Answer, Rosemont College argues that Stevenson's charge with the PHRC was filed on September 21, 2007, more than 180 days after the alleged discrimination and therefore untimely. Since Stevenson has not filed an Amended Complaint regarding any charges under the Pennsylvania Human Relations Act the Court will not address the merits or timeliness of the state administrative charge.

[5] Ans. ¶ 16.

skills in text editing and various computer programs.[6] Rosemont College moves for summary judgment on the grounds that Stevenson has offered no evidence discrediting Rosemont College's claimed legitimate business reasons for terminating Stevenson's employment and has offered no evidence that discrimination was more likely than not a motivating or determinative cause of Stevenson's termination.

On July 21, 2008 the Court issued a Scheduling Order [Document No. 7] to govern the proceedings in this matter requiring that all discovery be completed by September 30, 2008. Stevenson propounded written discovery that was answered by Rosemont College.  However, Stevenson failed to respond to the written discovery requests of Rosemont College and also failed to appear for her deposition.  Depositions of Defendant Rosemont College officials were scheduled by Plaintiff but later cancelled.[7] Therefore, the amount of discovery in this case is extremely limited.

## II    LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[8]  An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[6] Ans. ¶¶ 18-19.

[7] On September 24, 2008 Rufus A. Jennings, counsel for Plaintiff informed the Court via a Motion to Withdraw as Counsel, that he has been unable to locate Stevenson despite repeated attempts to do so, including hiring an investigator.  The Court denied Mr. Jennings' Motion to Withdraw per Local Civil Rule 5.1(c) since it would be harmful to the administration of justice to allow counsel to withdraw with dispositive motions pending. To ensure the most complete adversarial record possible, the Court ordered Jennings to submit a Response to Defendant's Motion for Summary Judgment despite his inability to locate Stevenson.

[8] Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

party."[9]  In examining motions, all inferences must be drawn in the light most favorable to the non-movants, and their allegations must be treated as true whenever they conflict with those of the movants and are supported by proper proofs.[10]  The Court will not, however, make any credibility determinations or weigh the evidence presented.[11]

The party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact.[12]  Once the movant has done so, the opposing party cannot rest on its pleadings.[13]  To avoid summary judgment, the non-movant must come forward with probative evidence demonstrating the existence of genuine issues for trial.[14]  The nonmovant therefore must raise "more than a mere existence of a scintilla of evidence in its favor" on elements for which it bears the burden of production.[15]  An inference based upon speculation or conjecture will not create a material fact.[16]

## III.   DISCUSSION

### A. *Prima Facie* Case

The plaintiff initially carries the burden or establishing a *prima facie* case of unlawful

---

[9] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

[10] Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004).

[11] Goodman v. Pa. Tpk. Comm'n, 293 F.3d 655, 665 (3d Cir. 2002) (quoting Reeves v. Sanderson Plumbing Prods., 560 U.S. 133, 150 (2000)).

[12] Fed. R. Civ. P. 56(c).

[13] Celotex, 477 U.S. at 324.

[14] Id. at 323-24.

[15] Anderson, 477 U.S. at 252.

[16] Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990).

discrimination.[17] In order to establish a *prima facie* case of discrimination under the Age

Discrimination in Employment Act, 29 U.S.C. 621 et seq. ("ADEA"), a plaintiff must

demonstrate that "(1) plaintiff was a member of the protected class, i.e. 40 years of age or older

at the time the action occurred; (2) that the plaintiff was discharged; (3) that the plaintiff was

qualified for the job; and (4) that the plaintiff was replaced by a sufficiently younger person

creating an inference of discrimination."[18]

The Court finds that Stevenson is able to establish a *prima facie* case of age

discrimination against Rosemont College by meeting each of the listed requirements.  Stevenson

was older than 40 years of age when she was terminated from her job, fulfilling the first two

elements.  She was qualified to do her job, as evidenced by the "Rosemont College Performance

Appraisal" for the period June 2005 to June 2006, which states that Stevenson "meets the

requirements and expectations of her position," thereby satisfying the third factor.  Finally,

Stevenson was replaced by a sufficiently younger person, a woman more than twenty years her

junior, meeting the fourth and final factor and successfully establishing a *prime facie* age

discrimination case.

**B. Legitimate Nondiscriminatory Reason**

Because Stevenson is able to establish a *prima facie* case for age discrimination the

burden of production shifts to the defendant, Rosemont College to offer a "legitimate,

---

[17] See McConnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973).

[18] Showalter v. University of Pittsburgh Med. Ctr., 190 F.3d 231, 234 (3d Cir. 1999).

nondiscriminatory reason for the unfavorable employment decision."[19]

An employer satisfies its burden of production "by producing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."[20] "The employer need not prove that the tendered reason actually motivated its behavior, as throughout this burden shifting paradigm the ultimate burden of proving intentional discrimination always rests with the plaintiff."[21] Rosemont College has produced such evidence in the form of an internal memo regarding the Director of Publications position which states that Stevenson was terminated because the duties of her position had changed and it was effectively being eliminated. Taking the stated reason that the majority of her position's duties was outsourced as true, the Court finds that Rosemont College has met its burden of production to show a "legitimate, nondiscriminatory reason" for Stevenson's termination. The burden of production thus shift back to Stevenson.

In order to show that her termination was an act of age discrimination under the ADEA Stevenson must proffer evidence "from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."[22] Plaintiff Stevenson has not fulfilled either of these conditions.

Stevenson argues that her position was not outsourced, but rather reassigned to a younger

---

[19] Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

[20] St. Mary's Honor Ctr. V. Hicks, 509 U.S. 502, 508 (1993).

[21] Fuentes, 32 F.3d at 763.

[22] Id.

individual.  While it is true that Jessica Green was listed under Stevenson's former title "Director of Publications" on Rosemont College's Web site, the job performed by Ms. Green is not the same as that held by Stevenson.  An internal Rosemont College's Memo dated January 10, 2007,[23] listed the reasons for outsourcing particular duties and the school's decision to keep on Ms. Green to perform a reduced workload, continuing at her assistant's salary.  The memo specifically referenced the elimination of the "higher compensated position," and stated no intent to increase Ms. Green's salary, which was nearly $8,000 less than Stevenson's. Rather, the memo highlighted the benefit of keeping Green at her lower rate of pay.  Other than pointing out that Ms. Green the Web site listing, Stevenson has offered no additional evidence to overcome Rosemont's proffered business decision to outsource.

Moreover, there is insufficient evidence of an invidious discriminatory basis as a motivating or determinative cause of Stevenson's termination. The internal Rosemont College memo references work performance deficiencies that had been listed on Stevenson's Performance Appraisals, most notably her difficulties in text editing[24]. In her Response to the Motion for Summary Judgment, Stevenson contends that no such critique was contained in her written review.  However, the Appraisal, provided by Stevenson, explicitly states that her "background as a designer does not equip her to make often needed text edits and, at times this has been an impediment to projects."[25]

Because there was so little discovery in this case, the Court's review was conducted on

_____

[23] Defs' Mot. for Summ. J. Ex. C.

[24] Pl's Resp. To Defs' Mot. Ex. B.

[25] Id.

minimal evidence.  However, what was presented to the Court, namely the internal memo and Stevenson's Performance Appraisal both support Rosemont College's nondiscriminatory reasons for ending Stevenson's employment with them. Stevenson has offered no evidence that would cause the Court to find it more likely than not that an invidious discriminatory reason caused her termination and therefore, as a matter of law, the Court grants Defendants' Motion for Summary Judgment.[26]

## IV.    CONCLUSION

The Court grants Defendants' Motion for Summary Judgment. Plaintiff's claims against Rosemont College under the Employment Discrimination Act of 1967 are dismissed.  An appropriate Order follows.

---

[26] The Court acknowledges Plaintiff's argument that Defendant's Motion for Summary Judgment should be dismissed because Defendant's initial filing exceeded three, double-spaced, typewritten pages, failing to conform to the Court's establish procedure for summary judgment as listed in its Scheduling Order [Doc. No. 7].  While the Court expects all parties to adhere to its procedure regarding summary judgment, it also notes that it asks that parties "generally should not exceed" three pages [See Scheduling Order, Attachment "A"]. In this instance Defendant's excess was not grievous enough to be motion dispositive.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TRACY STEVENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.  08- cv-1833** |
| | ) | |
| **ROSEMONT COLLEGE OF THE** | ) | |
| **HOLY CHILD JESUS, t/d/b/a** | ) | |
| **ROSEMONT COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | | |

---

## <u>ORDER</u>

**AND NOW**, this 23rd day of December 2008, upon consideration of Defendants' Motion for Summary Judgment [Document No. 10] and Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [Document No. 15], it is hereby

**ORDERED** that Defendants' Motion is **GRANTED.** All claims against Defendant arising under the Employment Discrimination Act of 1967, 29 U.S.C. § 623 are **DISMISSED**.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

**BY THE COURT:**

**s/Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**